# UNITED STATES DISTRICT COURT
## District of South Carolina
## Spartanburg Division

UNITED STATES OF AMERICA

vs.

CHARLES WILLIAM PENLAND, SR.

**ORDER OF DETENTION PENDING TRIAL**

Cr. Nos. 7:05mj673 and 7:05mj677

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts are established by clear and convincing evidence and require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant has been convicted of a (federal offense)(state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.[1]
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding 1.

☐ (4) Findings No. 1 and (2)(3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings

■ (1) There is probable cause to believe that the defendant has committed an offense
  - ■ for which a maximum term of imprisonment of ten years or more is prescribed in 21 USC 841(a)(1).[2]
  - ☐ under 18 U.S.C. §924(c).

■ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

■ (1) At the time of the offense alleged in this case, the defendant was out on bond on a state kidnaping charge (considered a violent offense). He also has an extensive criminal history, including convictions for drugs, arson, and firearms. In addition, he has a history of failing to appear for court.

■ (2) The defendant has significant financial resources, including over $8 million in assets and monthly income of approximately $25,000.

■ (3) There is a serious risk that the defendant will flee.

■ (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice)(threaten, injure, or intimidate a prospective witness or juror).

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information[3] submitted at the hearing establishes by clear and convincing evidence that the defendant's prior criminal record and pending charge of kidnaping make him a danger to the community if released on bond. In addition, his extensive financial resources, combined with his history of failure to appear and the seriousness of the charge he is now facing, make him a flight risk if released on bond.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

July 6, 2005                                                              s/William M. Catoe
                                                                          Judicial Officer

---

[1] Insert as applicable: (a) Controlled substances Act (21 U.S.C. §801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of 9/15/80 (21 U.S.C. §955a).
[2] Insert as applicable: (a) Controlled substances Act (21 U.S.C. §801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of 9/15/80 (21 U.S.C. §955a).
[3] "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. §3142(f). See 18 U.S.C. §3142(g) for the factors to be taken into account.